**25-1646-cr**
*United States v. Maldonado*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th Day of July, two thousand twenty-six.

Present:
>  DEBRA ANN LIVINGSTON,
>  JOSEPH F. BIANCO,
>  STEVEN J. MENASHI,
>  *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                                        *Appellee*,

          v.                                                      25-1646-cr

MICHAEL MALDONADO,

                    *Defendant-Appellant*.

---

For Appellee:                      BROOKE THEODORA (Dylan A. Stern, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Joseph Nocella, Jr., United States Attorney, Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:           ASHOK CHANDRAN, Of Counsel, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New

York (Gujarati, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Maldonado ("Maldonado") appeals from the judgment entered on June 26, 2025, in the United States District Court for the Eastern District of New York (Gujarati, *J.*), convicting him, pursuant to a guilty plea, of escape from federal custody in violation of 18 U.S.C. § 751(a), and sentencing him principally to 15 months' imprisonment, to run consecutively to the undischarged portion of the sentence from which he escaped, and one year of supervised release. On appeal, Maldonado argues that the district court committed procedural error at sentencing by failing to consider the then-applicable policy statement in United States Sentencing Guidelines ("U.S.S.G.") § 5H1.1, which provides that "[a]ge may be relevant in determining whether a departure is warranted" and that a downward departure "may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses."[1] U.S.S.G. § 5H1.1. He further argues that his sentence is substantively unreasonable because the district court placed undue weight on his criminal history and because his sentence creates unwarranted sentencing disparities. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

\* \* \*

Ordinarily, this court reviews a sentence for procedural reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Where a defendant

---

[1] U.S.S.G. § 5H1.1 was in effect at the time of Maldonado's sentencing. Subsequent to Maldonado's sentencing, the Sentencing Commission amended the Guidelines to remove § 5H1.1 and other policy statements relating to specific personal characteristics. *See* U.S.S.G. Appendix C, amendment 836.

fails to raise his objection to the procedural reasonableness of his sentence before the district court, however, we review only for plain error. *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam).

The parties dispute whether abuse-of-discretion or plain-error review applies to Maldonado's claim that his sentence is procedurally unreasonable. The government contends that the issue was not preserved—and thus plain-error review applies—because Maldonado never invoked U.S.S.G. § 5H1.1 before the district court. Maldonado responds that, although he did not explicitly mention § 5H1.1, he preserved the issue by arguing in his sentencing submission and again at the sentencing hearing that his convictions based on teenage conduct warranted a downward variance. We need not resolve this dispute, however, because Maldonado's argument fails under either standard.

"A district court commits procedural error where it fails . . . to consider the § 3553(a) factors . . . ." *United States v. Coplan*, 703 F.3d 46, 92 (2d Cir. 2012). Those factors include "any pertinent policy statement" from the Sentencing Commission that is "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). We have "declined to insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually," and we "presume that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118-19 (2d Cir. 2020) (citation modified). Successful claims that a sentencing court violated its duty to consider the § 3553(a) factors are "rare." *United States v. Pugh*, 945 F.3d 9, 25 (2d Cir. 2019).

Maldonado argues that the district court did not consider § 5H1.1. This policy statement, Maldonado contends, was relevant because his criminal history calculation was significantly increased by crimes he committed as a juvenile.[2] For the following reasons, we disagree.

At the start, nothing in the record rebuts the presumption that the district court considered § 5H1.1. First, the district court stated expressly that it had considered each of the factors set forth in § 3553(a), including any relevant policy statement, and that it had considered the propriety of any departures but determined that none was warranted. *See* App'x at 102-03; *see Rosa*, 957 F.3d at 118 (explaining that the presumption that a sentencing court considered the § 3553(a) factors is "supplemented by the court's explicit statement" that it did so). The district court was not required to identify § 5H1.1 by name. Second, the sentencing record shows that the district court engaged directly with the issue of whether Category VI appropriately reflected Maldonado's criminal history, given that several of his convictions stemmed from offenses committed during his youth. *See* App'x at 85-86, 92-93. The district court considered Maldonado's mitigating arguments, including his youth at the time of prior offenses, but ultimately concluded that a downward variance was unwarranted in light of a criminal record that continued well into adulthood, with a continuing history of "impulsivity" and repeated parole violations for absconding. *See* App'x at 86, 103-05. For these reasons, we conclude that the district court did not commit procedural error.[3]

---

[2] Maldonado also contends that a New Jersey conviction for hindering apprehension by providing false information should have been excluded from his criminal history under U.S.S.G. § 4A1.2(c)(1) and, in addition, that this conviction—which the Presentence Report describes as a felony but which Maldonado contends was, at most, a misdemeanor-level offense—was improperly classified. We need not address these questions. Maldonado did not object to the criminal history calculation in the district court and does not press the scoring of this conviction as an independent ground for vacatur on appeal, raising these arguments only to suggest that his criminal history category was overstated. *See* Reply Br. at 4 n.3. But any error as to this conviction was immaterial to Maldonado's Guidelines calculation, since subtracting the single point afforded to the conviction still places Maldonado in criminal history category VI and leaves his Guidelines range of 15 to 21 months unchanged.

[3] Maldonado's reliance on *United States v. Delgado*, 971 F.3d 144 (2d Cir. 2020) is misplaced. In *Delgado*,

Maldonado further argues that his 15-month consecutive sentence is substantively unreasonable because the district court placed undue weight on his criminal history and because the sentence creates unwarranted sentencing disparities. We again disagree.

"Our review for substantive unreasonableness is particularly deferential." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation modified). A sentencing court "has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). We will set a sentence aside "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Singh*, 877 F.3d at 115 (citation modified). And although a within-Guidelines sentence is not presumed reasonable, "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) (citation modified).

Maldonado's sentence falls within that broad range of reasonable sentences. His 15-month sentence is at the bottom of the applicable Guidelines range of 15 to 21 months. The district court emphasized the seriousness of the offense and the need for specific deterrence, observing that Maldonado's record—which includes multiple felony convictions, repeated parole violations, and a pattern of absconding from supervision—showed that prior terms of imprisonment had not deterred him. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure

---

the district court imposed life imprisonment on a defendant who was seventeen at the time of the offense without referencing his age at all. *See id.* at 159. Here, by contrast, Maldonado was 35 at the time of the offense, and the district court engaged with Maldonado's argument that his criminal history category overstated the significance of convictions stemming from offenses committed in his youth.

only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citation modified). Here, the district court did not exceed that discretion. While the court was free to weigh more heavily the mitigating circumstances of the offense, it was not required to do so. The sentence imposed by the court was not "so shockingly high . . . or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Singh*, 877 F.3d at 115 (citation modified).[4]

Maldonado's sentencing disparity arguments are likewise unavailing. Section 3553(a)(6) addresses unwarranted disparities "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The escape cases that the government declined to prosecute are not proper comparators under that provision, which concerns defendants who are convicted and sentenced. Moreover, the sentenced comparators Maldonado identifies involved defendants with materially different criminal histories. A disparity is not unwarranted "where a reasonable explanation of the different sentences is readily apparent." *See United States v. DiMassa*, 117 F.4th 477, 484 (2d Cir. 2024) (citation modified).

---

[4] Maldonado's analogy to *United States v. Singh*, 877 F.3d 107 (2d Cir. 2017) is unpersuasive. In *Singh*, "[t]he district court imposed a sentence of 60 months' imprisonment for an illegal reentry case, where the Guidelines range was only 15 to 21 months and the government and the Probation Office had both recommended a within-Guidelines sentence." *Id*. at 116. While this Court in *Singh* emphasized the relevance of the defendant's youth at the time of certain past offenses, the sentence at issue was "almost three times the high end of the Guidelines range" and "drastically exceeded nationwide norms." *Id*. Here, the district court imposed a low-end Guidelines sentence, and even Maldonado's own sentencing data shows that the sentence was only one month above the average sentence for defendants sentenced under § 2P1.1 with offense level 7 and Criminal History Category VI. *See* United States Sentencing Commission, Judiciary Sentencing Information, available online at https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

\*     \*     \*

We have considered Maldonado's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk